TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*
*Deanna Ingrid Morales aka*
*Deanna Morales Guerrero*

FILED
DISTRICT COURT OF GUAM
DEC - 9 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

----------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. CR05-00039 |
| Plaintiff, | ) | |
| vs. | ) | **DEFENDANT DEANNA INGRID MORALES' SENTENCING BRIEF** |
| GERARDO ELOY GONZALEZ, JR., *et al.*, | ) | |
| Defendants. | ) | |

----------

Defendant, Deanna Ingrid Morales, aka Deanna Morales Guerrero ("Defendant Morales"), hereby submits her Sentencing Brief for the Court's consideration.

I.

**DEFENDANT DOES NOT OBJECT TO THE PRESENTENCE INVESTIGATION REPORT.**

Defendant Morales does not object to the Presentence Investigation report by the United States Probation Office, except for paragraph 54, and adopts the Government's Response to

the Presentence Investigation Report and wholeheartedly agrees with the Government's Motion for Downward Departure. However, Defendant Morales does object to the incarceration recommended by the U.S. Probation and the U.S. Attorney's Office.

## II.

## DEFENDANT'S OBJECTION TO PARAGRAPH 54.

Defendant has met the criteria as set forth in Subdivisions (1) through (5) of §5C1.2(a), and believes a three level decrease is warranted.

## III.

## FACTORS FOR THE COURT TO CONSIDER AT SENTENCING.

Pursuant to the "Advisory" Federal Sentencing Guidelines and 18 U.S.C. 3553, there are various factors that the Court should consider at sentencing. Below are the following factors that the Defendant Morales wishes the Court to consider with respect to his sentencing.

> A. §5H1.4. ***Physical condition.*** In the case of a seriously infirmed Defendant, physical condition and extraordinary physical impairment may be reason to depart downward and home detention may be as efficient and less costly than imprisonment.

In the instant case, the Defendant, Morales, is not a healthy person, is in poor physical health, and is a drug user and is in need of treatment. Defendant Morales suffers from hypoglycemia and has diabetes. Defendant Morales clearly is not in good physical health and a downward departure would not only be appropriate, but it would be humane, just, and would save the Bureau of Prisons the costs of continued medical care.

> B. §5H1.6. ***Family ties and responsibilities.***

Defendant Morales has several familial ties and responsibilities. Defendant Morales

has two children with whom she would like to reconcile with, and her mother suffers from arthritis and is not in the best of health. Throughout her life, Defendant Morales has been a good, decent person, has no criminal record and requests the Court to take this into consideration regarding his sentence.

C. §5H1.7. *Role in the offense.*

Defendant Morales was clearly a minor participant in this offense and this is Defendant's first experience in drug trafficking and crime in general. Defendant is sorry for what she has done and has cooperated with the Government with respect to this first time offense and Defendant Morales requests the Court to take this into consideration when determining Defendant's sentence.

D. §5H1.8. *Criminal history.*

Defendant Morales had committed no prior crimes and is not a career felon or a continuing criminal and requests that the Court will take this into consideration at her sentencing.

G. §5H1.12. *Lack of Guidance as a Youth and Similar Circumstances.*

Defendant Morales clearly suffers from lack of guidance in her youth. Her father died of a drug overdose, she was abused, a drug and alcohol user, and got into a relationship with an older man who led her astray. Defendant Morales asks the Court to consider this at her sentencing.

G. *Retribution, Deterrence, Nature of Offense, Rehabilitation, Types of Sentence Available, and Restitution.*

a. *Retribution.* In the instant case, there is no need for retribution against Defendant.

b. *Deterrence.* There is no need to deter the Defendant from committing such

acts in the future. Defendant Morales has accepted responsibility and expressed her extreme remorse for the crime that she has committed and would not commit such a crime again. Defendant Morales understands the need to deter others from similar conduct, but hopes that the Court will be lenient with her.

  c. ***Nature of Offense.*** Defendant Morales clearly committed a serious offense by attempting to possess methamphetamine. However, Defendant Morales did so at the request of a friend and really did not know what she was getting into. Although the crime was extremely serious, it should not preclude the Court from being lenient with the Defendant.

  d. ***Rehabilitation.*** In the instant case, there is a strong need to rehabilitate the Defendant and to provide her with drug treatment while she is serving her prison sentence.

  e. ***Types of Sentences available.*** It is Defendant Morales' sincere hope that with the downward departure request from the Government, and the Court taking into consideration all of the factors listed, that Defendant would fall into a category which would allow a relatively short prison sentence and probation and/or home confinement, and Defendant humbly begs the Court to consider this request.

  f. ***Restitution.*** There is no restitution in the instant case.

  g. ***Fines.*** Defendant Morales has no ability to pay a fine.

## IV.

## FINAL FACTORS FOR THE COURT TO CONSIDER.

As stated above, Defendant Morales is a relatively unhealthy individual who has accepted responsibility for her actions; has expressed her sincere remorse to all parties involved; and has promised never to commit an offense such as this again. Defendant Morales has committed only

///

this offense and has a clear criminal history. Defendant Morales has been truthful and admitted everything to the Government and, based on all of these factors, the Defendant humbly asks the Court to impose a minimal sentence coupled with probation and/or home confinement.

Dated at Hagåtña, Guam, on December 9, 2005.

**TEKER TORRES & TEKER, P.C.**

By /s/
SAMUEL S. TEKER, ESQ.
Attorneys for Defendant, *Deanna I. Morales aka Deanna Morales Guerrero*

LJT:cs
PLDGS:MORALES, DEANNA:003